UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CRYSTAL LEE WHITE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:20-CV-249 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

This Social Security matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated September 23, 2021. [Doc. 26]. In that Report and Recommendation, the Magistrate Judge recommends that Plaintiff's Motion for Judgment on the Pleadings, [Doc. 20], be denied, and Defendant's Motion for Summary Judgment, [Doc. 24], be granted. Plaintiff has filed objections to this recommendation. [Doc. 27]. After careful and *de novo* consideration of the record as a whole, including the Administrative Transcript, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that Plaintiff's objections are **OVERRULED**, that the Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 26], that Plaintiff's Motion for Judgment on the Pleadings, [Doc. 20], is **DENIED**, and that Defendant's Motion for Summary Judgment, [Doc. 24], is **GRANTED**.

Plaintiff makes two main arguments in objecting to the Report and Recommendation: (1) the Magistrate Judge erred in determining that the ALJ properly developed the record in her case,

and (2) the Magistrate Judge erred in determining that the ALJ had properly considered Plaintiff's subjective complaints. [*See* Doc. 27].

Plaintiff argues that the Magistrate Judge's most grievous error in finding that the ALJ properly developed the record in her case lies in ignoring *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008), and its progeny. [Doc. 27, at 1]. According to Plaintiff, in his analysis of *Deskin*, "the Magistrate Judge identified the proper standard and then failed to follow it." [*Id.*]. Plaintiff cites *Deskin* for the proposition that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms." 605 F. Supp. 2d at 912. Plaintiff argues that under *Deskin*, "the ALJ ha[d] the duty to re-contact a treating source, order a consultative evaluation, or have a medical expert testify at the hearing when there is no opinion or the opinions do not consider a critical body of objective medical evidence." [Doc. 27, at 2].

The Magistrate Judge, however, properly concluded that *Deskin* was not controlling in this case and that the ALJ was not required to solicit a new consultative opinion. [Doc. 26, at 11]. After acknowledging that the ALJ concluded that the medical opinions in the record did not take into account more recent MRI testing or account for all of Plaintiff's limitations, the Magistrate Judge ultimately evaluated the ALJ's determination by relying on well-established Sixth Circuit precedent that "the ALJ is not required to base his RFC findings entirely on a physician's opinion." [Doc. 21, at 12 (citing *Mokbel-Alijahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2018) (internal citation omitted); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013))]. As the Magistrate Judge explained, the ALJ "considered a multitude of factors in making his final RFC determination." [Doc. 26, at 13–14]. After reviewing the record and the Report and Recommendation, the Court agrees with the Magistrate Judge's conclusion that ALJ

was not required to order a consultative evaluation or otherwise supplement the record, and that it was within the ALJ's discretion to determine whether additional testing was necessary. *See Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 n.3 (6th Cir. 2009) ("[A]n ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status[.]").

For similar reasons, Plaintiff's argument that the time delay between state agency review and ALJ review cannot negate the ALJ's alleged failure to supplement the record is unpersuasive. [Doc. 27, at 3]. As previously stated, the Court declines to find *Deskin* controlling in this action, and the Magistrate Judge correctly acknowledged that the Sixth Circuit has rejected the argument that an ALJ improperly relies on state agency physicians' opinions as "out of date" where it is clear from the decision that the ALJ considered the subsequent evidence and took into account any relevant changes in the claimant's condition. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009). The Court agrees with the Magistrate Judge that *McGrew* is analogous in Plaintiff's case, where the ALJ found the available medical opinions were not wholly persuasive because they did not account for all of Plaintiff's limitations and subsequently provided additional limitations in Plaintiff's RFC. [Doc. 26, at 12–13].

Finally, the Plaintiff's objections with respect to the ALJ's consideration of her subjective complaints are unavailing. The Court finds Plaintiff's claim that the ALJ's decision did not clearly state reasons for discounting her subjective complaints to be without merit. [Doc. 21, at 16]. As the Magistrate Judge explained, more than simply making "boilerplate" credibility findings as the Plaintiff complains [Doc. 21, at 16; Doc. 27, at 4], the ALJ adequately considered Plaintiff's subjective complaints and reasonably explained how they conflicted with objective evidence. [*See, e.g.*, Doc. 14, at 16 (addressing Plaintiff's reported headaches, for which the ALJ noted that

Plaintiff had an "unremarkable" CT examination); *id.* at 17 (addressing Plaintiff's reported knee pain, which the ALJ determined was not a "medically determinable ailment" and had no diagnosis)]. In short, the Court agrees with the Magistrate Judge that the excerpted portion of the ALJ's report that Plaintiff takes issue with regarding her subjective reports is *not* the sum of the ALJ's findings related to her subjective complaints. The Court also does not agree with Plaintiff's contention that in highlighting specific portions of the ALJ's report in its order, the Magistrate Judge has improperly re-weighed the evidence. On the contrary, it is the Magistrate Judge's purpose to determine whether substantial evidence exists to support the ALJ's conclusions. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted). It seems axiomatic, then, that the Magistrate Judge must be allowed to cite to evidence that exists within the ALJ's report in determining whether that evidence is substantial and supports the ALJ's overall determinations in the case.

In light of foregoing, and after considering the record as a whole as well as the Magistrate Judge's Report and Recommendation, the Court finds that the ALJ's decision is supported by substantial evidence, and that a remand for further proceedings is therefore not required. For the reasons stated in the Report and Recommendation and for the additional reasons set out above, the Report and Recommendation [Doc. 26] is **ADOPTED** and **APPROVED**.

ENTERED AS A JUDGMENT:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

s/ *LeAnna R. Wilson*
District Court Clerk